IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TIM SHANNON, et al.**,

                Plaintiff,

     v.

**BAYVIEW LOAN SERVICING, LLC.,
et al.**,

                Defendants.

No. 3:16-cv-01016-MO

OPINION AND ORDER

**MOSMAN, J.**,

On May 14, 2013, a foreclosure case was brought against Plaintiffs Tim and Deborah Shannon in Oregon state court ("the foreclosure case"). The foreclosure case brought only state-law claims against Mr. and Mrs. Shannon. On June 6, 2016, Mr. and Mrs. Shannon filed a case in this Court ("the federal case") against Bayview Loan Servicing, LLC ("Bayview") and JP Morgan Chase Bank. In the Complaint [1] for the federal case, Mr. and Mrs. Shannon claim I have subject matter jurisdiction based on diversity and federal-question jurisdiction. Two days after bringing the federal case, on June 8, 2016, Mr. and Mrs. Shannon removed the foreclosure case to this Court under the same case number for the federal case. On July 8, 2016, Defendant Bayview filed a Motion to Remand [14] the foreclosure case to state court. Mr. and Mrs. Shannon oppose the motion.

1 – OPINION AND ORDER

For the reasons explained below, I have determined that the foreclosure case was improperly removed to federal court, and I REMAND the case back to the Clackamas County Circuit Court.

## LEGAL STANDARD

A defendant may remove to federal court only state-court actions that could have originally been filed in federal court. 28 U.S.C. § 1441(a) (2011); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case could have originally been filed in federal court if the court has diversity jurisdiction or federal-question jurisdiction over the case. 28 U.S.C. § 1331 (1980); 28 U.S.C. § 1332 (2011); *Caterpillar*, 482 U.S. at 392. There is a "strong presumption against removal," however, and the defendant has the "burden of establishing that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted).

Procedurally, the notice of removal must "be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1) (2011). In addition, if the case is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2011). But, a case cannot be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action," unless the court finds bad faith on the part of the plaintiff. 28 U.S.C. § 1446(c)(1).

Diversity jurisdiction is generally determined from the face of the complaint. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citation omitted). An action is not

removable based on diversity jurisdiction if the action was originally brought in the forum state where one or more of the defendants reside. 28 U.S.C. § 1441(b)(2); *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). This is known as the "forum defendant rule." *Lively*, 456 F.3d at 939. If a defendant removes an action in violation of the forum defendant rule, the action may be remanded to state court if the plaintiff moves to remand the action within thirty days of its removal to federal court. *Id.* at 940.

Separately, federal-question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (explaining that this "rule makes the plaintiff the master of the claim," allowing her to "avoid federal jurisdiction by exclusive reliance on state law"). Thus, in order for this Court to have subject matter jurisdiction based on federal-question jurisdiction, the federal question must be presented by the plaintiff's complaint as it existed at the time of removal by the defendant. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998). A "federal question alleged in the defendant's third-party claim does not, in and of itself, confer jurisdiction upon the federal court" and federal-question jurisdiction does not exist simply because a "federal question has been raised as a matter of defense or as a counterclaim." *Id.* (citation omitted); *see also Burke v. Ortmayer*, No. CV-04-1610-HU, 2004 WL 2966915, at *3 (D. Or. Dec. 20, 2004).

Once subject matter jurisdiction is established, federal courts may exercise supplemental jurisdiction over state claims "that are so related to claims in the [federal] action . . . that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a) (1990). But, federal courts "may decline to exercise supplemental jurisdiction" if the state law claim "substantially predominates over the claim or claims over which the district court has original

jurisdiction," or if "there are other compelling reasons for declining jurisdiction." 28 U.S.C. §
1367(c) (1990).

## ANALYSIS

In this case, Bayview moves to remand the foreclosure case for two reasons. First,
Bayview argues that removal was untimely. Second, Bayview argues that removal based on
federal-question jurisdiction was improper because there were no federal claims brought in the
state foreclosure case. Mr. and Mrs. Shannon's response is a bit difficult to decipher. They
appear to argue that the claims alleged in the federal case provide this court with federal-question
jurisdiction over the foreclosure case. In addition, they argue that their removal of the
foreclosure case is timely because they did so within a year of Bayview's filing its motion for
summary judgment in state court. They argue that Bayview's motion for summary judgment
gave rise to federal claims. Finally, they claim Bayview may not have standing to pursue the
foreclosure case in state court.

It is clear that Mr. and Mrs. Shannon removed the foreclosure case more than a year after
it was filed in state court. They do not assert any bad faith on the part of the plaintiff in the state
court foreclosure case to surmount diversity jurisdiction. Accordingly, removing the foreclosure
case on the basis of diversity jurisdiction was improper. *See* 28 U.S.C. § 1446(c)(1) (2011).

It is equally clear that the plaintiff's complaint in the foreclosure case asserted only state-
law claims. Thus, there were no federal claims on the face of that complaint. Indeed, in the
Amended Notice of Removal [6], Mr. and Mrs. Shannon claim I have federal-question
jurisdiction under 28 U.S.C. § 1331 because they "now assert[] federal defenses" to the
foreclosure case. They claim they identified the federal defenses based on a motion for summary
judgment filed in state court. Federal defenses, however, do not provide this Court with federal-

question jurisdiction.  Even if Bayview's state-court motion for summary judgment was the operative pleading for determining whether there were federal issues in the case, those federal questions are raised by Mr. and Mrs. Shannon in their defense against the foreclosure case. Accordingly, I do not have subject matter jurisdiction over the foreclosure case on the basis of federal-question jurisdiction, and removing the foreclosure case on that basis was improper.

To the extent Mr. and Mrs. Shannon assert that I have supplemental jurisdiction over the foreclosure case pursuant to 28 U.S.C. § 1367, which they claim in the Amended Notice of Removal [6], I do not agree.  Here, the state-law foreclosure case substantially predominates over the federal claims that Mr. and Mrs. Shannon raise in the federal case.  Further, there are compelling reasons for declining supplemental jurisdiction over the foreclosure case.  Namely, Mr. and Mrs. Shannon removed the case on the eve of trial, after it had already progressed in state court for several years.  The timing of the federal case suggests that they filed it in order to circumvent the fact that I did not otherwise have subject matter jurisdiction over the foreclosure case.  Respect for the authority of state court compels me to decline to exercise supplemental jurisdiction over the state foreclosure case.  Any concerns about Bayview's standing to proceed on the foreclosure case in state court must be considered in state court.

## CONCLUSION

Bayview's Motion to Remand to State Court [14] is GRANTED and it is ORDERED that the foreclosure case improperly removed under Dkt. No. 6, which is state Case No. CV13050449, be REMANDED to the Clackamas County Circuit Court.  The federal case brought on June 6, 2016 by Mr. and Mrs. Shannon in 3:16-cv-01016-MO is a separate action from the foreclosure case, and it is not the subject of Bayview's Motion to Remand to State Court [14].  Accordingly, the federal case, which is reflected in the Complaint [1], is not

impacted by my decision to remand the foreclosure case.

IT IS SO ORDERED.

DATED this __8th__ day of February, 2017.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Judge