IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TIM SHANNON and DEBORAH SHANNON,**

    Plaintiffs,

v.

**BAYVIEW LOAN SERVICING LLC, et al.,**

    Defendants.

No. 3:16-CV-1016-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Defendants Bayview Loan Servicing LLC, LSF9 Mater Participation Trust, Caliber Home Loans, Inc., and M&T Bank's (collectively "Defendants") move to dismiss Plaintiffs Tim and Deborah Shannon's (the "Shannons") Third Amended Complaint. The Shannons filed a Response opposing the Motion, along with a Motion for Leave to File a Fourth Amended Complaint. I held a hearing addressing these Motions on April 20, 2018. At the end of the hearing, I GRANTED Defendants' Motion to Dismiss [79], DENIED the Shannons' Motion for Leave to File Fourth Amended Complaint [83], and dismissed this case with prejudice. I write to explain why I have denied the Shannons' motion to amend their Complaint for a fourth time.

**I.    Background.**

    In May 2013, JP Morgan Chase Bank, N.A. filed a complaint in state court to foreclose on the deed of trust secured by the Shannons' property in Clackamas County. About three years later, in June 2016, the Shannons filed this lawsuit, seeking, among other things, a declaration invalidating the

1 –OPINION AND ORDER

foreclosure action. This is Defendants' third motion to dismiss. Each time, Defendants filed a motion to dismiss, the Shannons responded by seeking leave to amend their Complaint. (*See e.g.,* dkt. nos. 26, 29, 31, 36, and 45). I granted the Shannons' previous requests to amend their pleadings, and denied Defendants' Motions to Dismiss as moot. (*See e.g.*, dkt. nos. 34, 43, and 57).

In March 2017, the Shannons filed their Third Amended Complaint. Like their prior complaints, the gravamen of the Shannons' Third Amended Complaint is that the assignment of the trust deed securing their loan for their property is void; therefore, Defendants efforts to foreclose, including the state-court foreclosure action, are void and illegal. (Third Amended Complaint, dkt. no. 58). Shortly after the Shannons filed their Third Amended Compliant, the parties asked to stay this litigation while they attempted to settle this matter through a loan modification. After settlement efforts failed, in January 2018, Defendants filed their third Motion to Dismiss. The Shannons filed a Response along with a motion seeking leave to amend their Complaint for a fourth time. (Resp. in Opp'n. to Mot. to Dismiss, dkt. no. 84 and Mot. for Leave to File Fourth Am. Compl., dkt. no. 83).

The Shannons' proposed Fourth Amended Complaint removes defendants Bayview and M&T Bank, leaving only LSF9 Master Participation Trust ("LSF9") and Caliber as defendants. (Proposed Fourth Am. Compl., dkt. no. 83-1). It seeks relief based on three claims instead of the eight claims in the Third Amended Complaint: (1) Declaratory Judgment – Lack of Ownership Improper Chain of Title; (2) Declaratory Judgment – Standing Improper Beneficiary; and (3) Violation of the FDCPA. Otherwise, the factual allegations are almost identical to those in the Third Amended Complaint.

**II.      Legal Standards.**

Under Rule 15(a), a judge should give leave to amend when justice so requires. In deciding a motion for leave to amend, a judge may consider factors including bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue

prejudice to the opposing party caused by allowing amendment, and futility of amendment and deny leave to amend on those or similar grounds. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (listing the factors set offered by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962)). "Not all of the factors merit equal weight. As [the Ninth] circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* Without prejudice, or "a strong showing" of the other *Foman* factors, there is a presumption under Rule 15 in favor of granting leave to amend. *Id.* Futility, however, may support a denial of a motion to amend if it is clear that the pleading, as amended, is subject to dismissal and cannot be cured by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citations omitted).

### III. Discussion.

I deny the Shannons' motion leave to amend their pleadings because amendment would be futile. As explained below, the claims for relief in the proposed amended compliant are subject to dismissal and cannot be cured by amendment. *Corinthian*, 655 F.3d at 995.

In their First and Second Claims for Relief in their proposed Fourth Amended Complaint, the Shannons seek a declaration that Defendants lack standing to bring a foreclosure action on their property and "the foreclosure action that [Defendants] have initiated must be considered void, enjoined by the Court and set aside immediately" because of an improper chain of title in the assignments of the note and deed of trust securing the Shannons' property. (Proposed Fourth Am. Compl. at ¶¶ 23, 26-30, dkt. no. 83-1). These amended claims for relief are subject to dismissal under the first-to-file rule, and the deficiencies cannot be cured by further amendment.

The first-to-file rule applies to substantially similar cases filed in courts of concurrent jurisdiction. *Ceders-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (stating that when two actions involving the same parties and issues are filed in federal courts of concurrent jurisdiction,

the first-to-file rule applies, giving the second court discretion to transfer, stay or, dismiss the second case); *Riggs v. Johnson Cty*, 73 U.S. 166, 196 (1867) (recognizing that in certain controversies, federal and state courts are courts of concurrent jurisdiction). In foreclosure cases, this Court and Oregon state courts are courts of concurrent jurisdiction. *Travelers Ins. Co. v. Lawrence*, 503 F.2d 83, 84-85 (9th Cir. 1974) (Travelers "brought this suit in federal court, on the basis of diversity jurisdiction, to foreclose its mortgage on the M.C. Ranch located in Lake and Harney Counties, Oregon."). The first-to-file rule serves to alleviate the burden placed on federal courts by duplicative litigation and to prevent the embarrassment of conflicting judgments. *Church of Scientology of Cal. V. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (citations omitted) (overruled on other grounds by *Animal Legal Defense Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016)). Judges apply three factors when determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 625, 628 (9th Cir.1991).

Here, the chronology factor weighs in favor of applying the rule: JPMorgan Chase Bank filed the Clackamas County action in May 2013, three years before the Shannons filed this action in June 2016. The second factor—similarity of the parties—also weighs in favor of applying the rule. The fact that the plaintiffs in the state law claim and the defendants in this case are not mirror images of each other is not an issue; courts have generally held that the rule does not require the parties to be exactly identical. *Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "Rather, the first-to-file rule requires only substantial similarity of the parties." *Id.* While not identical, the parties here are substantially similar. The Shannons are the same and at least one of the defendants[1] in this case and the plaintiff in the state law case are always the assignee of the Shannon's loan, i.e. the

---

[1] The other Defendant in this case, Caliber Home Loans, Inc. is the servicer of the Shannons' mortgage. All the claims against Caliber, however, relate to the foreclosure of the Shannons' trust deed.

entity which is currently the beneficiary of the deed of trust securing the loan. Thus, even though the name of the party foreclosing might be changing, its ultimate underlying identity is not. *See generally, Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (stating the "'first-to-file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration.").

Finally, the third prong—similarity of the issues—also supports applying the first-to-file rule. "The issues in both cases also need not be identical, only substantially similar." *Kohn Law Group*, 787 F.3d at 1241. Two lawsuits involve substantially similar issues if there is "substantial overlap" between the two suits. *Id.* Both lawsuits involve foreclosure on the Shannons' property. In essence, the first and second claims in the Shannons' federal lawsuit are defenses to the state-court foreclosure action; the central issue in the state-court complaint and the first and second claim of the Shannon's federal Complaint is the validity of state-court foreclosure action.

The First and Second Claims for Relief in the proposed Fourth Amended Complaint are subject to dismissal under the first-to-file rule and the deficiencies in these two claims cannot be cured by amendment; thus allowing the amendment would be futile.

Likewise, the proposed amended Third Claim for Relief for a violation of the Fair Debt Collections Practices Act ("FDCPA") stemming from Defendants' foreclosure efforts fails for futility. The Ninth Circuit has yet to address this issue, but the majority of district courts to consider whether the FDCPA applies to foreclosure actions have concluded that it does not. *See, e.g. Gray v. Four Oak Court Ass'n, Inc.*, 580 F. Supp.2d 883, 888 (D. Minn. 2008) (holding that "if the enforcement of a security interest was synonymous with debt collection, the third sentence of [15 U.S.C. § 1692a(6)][2] would be

---

[2] Section 1692a(6) of the FDCPA defines "debt collector" as:

surplusage because any business with a principle purpose of enforcing security interests would also have the principle purpose of collecting debts."); *Rosando v. Taylor*, 324 F.Supp.2d 917, 924 (N.D. Ind. 2004) ("Security enforcement activities fall outside the scope of the FDCPA because they aren't debt collection practices."); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp.2d 1188, 1203-04 (D. Or. 2002) (holding the FDCPA is concerned only with preventing abuse in the collection of funds from a debtor and foreclosure is distinct from this process because "payment of funds is not the object of a foreclosure action."); *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716, 722 (N.D.W.Va.1998) (same); *but cf., Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 460-464 (6th Cir. 2013) (rejecting the view adopted by the majority of the district courts and finding that mortgage foreclosure *is* debt collection under the FDCPA). In light of the FDCPA definition of "debt," I also find that the FDCPA does not apply to claims stemming from foreclosure efforts.

The Act defines "debt" as "any obligation or alleged obligation of a consumer to *pay money* arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(6) (emphasis added). As Judge Hubel notes in *Hulse*, payment of money is not the object of a foreclosure action; instead the object is the recovery of the security interest. *Hulse*, 195 F. Supp2d at 1204. It is true, as the *Glazer* court points out, that the ultimate purpose of a foreclosure is the payment of money after the foreclosure sale. *Glazer*, 704 F.3d at 463. Regardless of the ultimate purpose of a foreclosure,

---

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

however, the text of the Act is only concerned with debts that require a consumer's obligation to *pay money*, not a consumer's obligation to return a security. *See e.g.*, *Jordon v. Kent Recovery Serv., Inc.*, 731 F. Supp. 652, 656 (D. Del. 1990) (attributing the different treatment of security interests and debts to the consumer's ability to comply with the request—a consumer receiving requests for money may agonize over how to comply while a person asked to comply with a security interest enforcement can return the security).

It is clear from a review of the Shannons' proposed Fourth Amended Complaint (and their prior Complaints) that they do not allege any attempt by Defendants to enforce an obligation to pay money. Instead, all the Shannons' assertions focus solely on Defendants' efforts to foreclose on their property. I find that because the FDCPA does not apply to foreclosure efforts, any amended claim alleging Defendants violated the FDCPA would be subject to dismissal.

Finally, I note that the futility of amending the Shannons' claim for relief is emphasized by the Shannons repeated failures to cure deficiencies in their Complaint by the previously allowed amendments.

IV.     **Conclusion.**

As stated at the April 20, 2018, hearing, I GRANT Defendants' Motion to Dismiss [79], DENY the Shannons' Motion for Leave to File Fourth Amended Complaint [83], and dismiss this action with prejudice.

DATED this 20th day of April, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge